Matter of Barrera v Corinthian Cast Stone, Inc. (2020 NY Slip Op 01880)





Matter of Barrera v Corinthian Cast Stone, Inc.


2020 NY Slip Op 01880


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529279

[*1]In the Matter of the Claim of Jesus Barrera, Claimant,
v
Corinthian Cast Stone, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 14, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed November 7, 2018, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
In September 2002, claimant sustained a work-related injury to his left eye, and his claim for workers' compensation benefits was established. In 2006, claimant received, among other things, a schedule loss of use award, and the case was marked for no further action. Following the filing by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) of requests for further action by the carrier/employer (RFA-2 form) seeking a transfer of liability for the claim pursuant to Workers' Compensation Law § 25-a, hearings were conducted in 2013 before a Workers' Compensation Law Judge (hereinafter the WCLJ), and claimant was directed to produce certain evidence. At a July 3, 2018 hearing, the WCLJ ultimately made oral and written findings, which, as relevant here, denied the carrier's request for transfer of liability for the claim pursuant to Workers' Compensation Law § 25-a and removed and discharged the Special Funds Conversation Committee from notice. The carrier noted its exception on the record and subsequently filed an application for Board review (form RB-89), with an accompanying letter brief, seeking review of the WCLJ's decision. The Workers' Compensation Board issued a decision denying the carrier's application for Board review because the application was not filled out completely and, therefore, did not comply with the Board's proscribed formatting requirements. The carrier appeals.
We affirm. "As we have previously stated, the Board may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law, and the Chair of the Board may make reasonable regulations consistent with the provisions [there]of" (Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019] [internal quotation marks and citations omitted]; see Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019], lv denied 34 NY3d 906 [2019]). To that end, "an application for Board review must be filled out completely in the format prescribed by the . . . Chair" (Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1755 [2019] [internal quotation marks, brackets and citations omitted]; see 12 NYCRR 300.13 [b] [1]; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258 [2019]) and "pursuant to the instructions for each form" (Matter of Perry v Main Bros Oil Co., 174 AD3d at 1258 [internal quotation marks and citation omitted]; see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d at 1282; Matter of Presida v Health Quest Sys., Inc., 174 AD3d 1196, 1197 [2019]). As relevant here, an application for Board review "shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). "The Board may deny an application for review where the party seeking review, other than a claimant who is not represented by counsel, fails to fill out completely the application" (Matter of Sherry v Moncon, Inc., 178 AD3d 1248, 1249 [2019] [internal quotation marks and citations omitted]; see 12 NYCRR 300.13 [b] [4]).
When the carrier filed its application for Board review on August 8, 2018, question number 15 on that form, as well as the accompanying instructions in effect at that time, requested that it "[s]pecify the objection or exception interposed to the ruling and when the objection or exception was interposed as required by 12 NYCRR 300.13 (b) (2) (ii)." In response to question number 15, the carrier stated, "Please note the carrier's objection to not finding a transfer of liability to the Special Funds Conservation Committee pursuant to [Workers' Compensation Law §] 25-a." The Board found that the carrier's response was incomplete because there were "several hearings [that] had taken place prior to the hearing [on] July 3, 2018," and the carrier's response to question number 15 did "not include the date of the hearing at which the exception to the WCLJ's ruling was interposed, as required." Both the regulation itself and the instructions in effect at the time that the carrier filed its application for Board review unambiguously required the carrier to "specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii] [emphasis added]). As such, a complete response to question number 15 required the carrier to specify the nature of its objections or exceptions and indicate when such objections or exceptions were interposed. Although the carrier satisfied the first prong of the regulation by articulating specific objections to the WCLJ's rulings, it failed to satisfy the temporal element of the regulation by indicating when such objections were made. Accordingly, under the circumstances presented here, in which the carrier failed to provide the requisite temporal element in its response to question number 15, we find that the Board did not abuse its discretion in denying the carrier's application for Board review (see 12 NYCRR 300.13 [b] [2] [ii]; [4]; Matter of Sherry v Moncon, Inc., 178 AD3d at 1249-1250; Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d at 1756). The carrier's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.